IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-10161-WEB |
| ) | |
| MARCELLO VELA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

This matter came before the court on January 19, 2011, for a hearing on the Government's Motion for Reconsideration of Detention (Doc. 8). After hearing the arguments of counsel, the court orally granted the motion and ordered the defendant detained pending trial. This written memorandum will supplement the court's oral ruling.

I.  Background

The Defendant was indicted on one count of possession with the intent to distribute approximately 435.5 grams or more of pure methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and possession with the intent to distribute approximately 444.8 grams of marijuana, in violation of 21 U.S.C. § 841(a)(1).  Magistrate Gale conducted a detention hearing, and set forth conditions for bond for the Defendant.

The Government requests the court find that the Defendant is a flight risk and a danger to the community, and argues that the Defendant cannot provide sufficient evidence for the court to find that the Defendant can overcome the rebuttable presumption that he should be detained.

II. Standards

The district court's review of the magistrate's order of detention is *de novo*, meaning this court must make its own determination and must ultimately decide the issue of detention or conditions for release without deference to the magistrate's conclusion. United States v. Cisneros, 328 F.3d 610, 616, n.1 (10th Cir. 2003).

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142.  The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence. Id. at 616. In a case such as this, where the Indictment alleges an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, and after a finding of probable cause, a rebuttable presumption of detention arises. § 3142(f).  Once the presumption is invoked, the burden of production shifts to the defendant. United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991).  The burden is not heavy, but some evidence must be produced. Id.  Even with the shift in the burden, the Government retains the burden of persuasion regarding risk of flight and danger to the community. Id.  The grand jury indictment is sufficient to establish the finding of probable cause that the defendant committed a federal drug offense. Id at 1355.

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community,  the court must consider:  (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence

against the person; (3) the history and characteristics of the person, including- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

### III.  Findings

The court finds that the Indictment alleges an offense under the Controlled Substance Act and the maximum term of imprisonment is ten years or more, therefore a rebuttable presumption of detention arises.  The first factor the court should consider is the nature and circumstances of the offense charged.  The Defendant has been charged with possession with the intent to distribute methamphetamine, a drug offense with a penalty of ten years to life.  Although the amount of drugs the Defendant is charged with distributing is not as large as many other cases the court has seen, the nature of drug offenses and the propensity of violence in drug cases makes any drug amount a serious offense.

The second factor is the weight of the evidence against the person.  The Government presented evidence at the detention hearing that the Defendant was the driver of the vehicle, and there were two other individuals in the vehicle.  He was arrested and placed in the police car, and unknown to the Defendant, the dash camera was equipped with a microphone.  The microphone recorded a phone call made by the Defendant, in which he states that "they found everything" in

the tire of the vehicle, and that all three of the individuals were in separate cars.  The Defendant made a statement to law enforcement in which he stated that he met Flores (one of the individuals in the vehicle) in a strip club, and that Flores offered him a couple of thousand dollars to transport "something bad."  The evidence in the record is sufficient to persuade the court that the case against the Defendant is strong.

The third factor, the history and characteristics of the person, both help and hinder the Defendant.  The Defendant originally told pretrial services that he was unemployed and that he had never had employment.  However, at the hearing, Defendant presented a list of jobs he has held since high school, including construction, painting, United Rentals, and Millard Refrigeration Service.  In 1997 he started receiving disability due to his Crohn's disease.  The court is unsure why Mr. Vela was not honest and truthful with the pretrial services officer.  The Defendant admits that he is homeless, and has been staying with his father or his brother since his release from jail.

A review of the Defendant's criminal history and arrests show that he does not have prior felony convictions.  However, the court notes that the Defendant failed to appear in three separate instances, and a bench warrant was issued in each instance.  Furthermore, this case was originally charged in state court, and after Defendant was released on bond, he failed to appear for a court hearing and a bench warrant was issued.

The fourth factor, the nature and seriousness of the danger to any person or the community if the defendant would be released, also weighs in favor of detention.  The Defendant is involved in drug distribution, a dangerous crime based not only on the nature of the conduct, but also on the amount of the drugs.  The Defendant's release would present a danger to the

community based on the Defendant's drug distribution.

The Defendant has not pointed to specific evidence which sets him apart from other defendants charged with similar offenses.  The Defendant has not provided information which would allow the court to find that he would not be a flight risk or a danger to the community. The Defendant has four instances of failing to appear for court appearances.  The Government has shown by clear and convincing evidence that the Defendant is a flight risk and that the Defendant presents a danger to the community.

IV.  Conclusion

The Government's Motion for Reconsideration of Detention  (Doc. 8) is GRANTED.  The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a  corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 19th day of January, 2011, at Wichita, Kansas.

    s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge